**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EVANGELIA SINGER : <br> 40 Paige Trail : <br> Perkasie, PA 18944 : <br>             Plaintiff : <br>      vs. : <br>             : <br> Bucks County Court House : <br> 100 N. Main Street : <br> Doyelstown, PA 18901 : <br>             Defendant : | CIVIL ACTION NO. _____ |

**CIVIL ACTION COMPLAINT**

Plaintiff, Evangelia Singer ("Plaintiff"), brings this action against Defendant, Bucks County Court House ("Defendant"), for violations of the Age Discrimination in Employment Act of 1975 ("ADEA"), 42 U.S.C. § 6101, and the Pennsylvania Human Relations Act, 43 Pa.C.S.A. §951 *et. seq.* ("PHRA"). Plaintiff alleges and avers:

**PARTIES**

1. Plaintiff, is an adult female individual who currently resides at the above referenced address and at all times relevant was an employee and "Domestic Relations Support Caseworker" for Defendant.

2. Defendant is a government entity and/or organization duly existing under the laws of the Commonwealth of Pennsylvania and the United States of America, with a place of regular business at 100 N. Main Street, Doyelstown, PA 18901, and at all times relevant was Plaintiff s employer.

3. At all times relevant, Defendant, agreed, accepted, adopted, acquiesced, and was otherwise bound by the actions, omissions, and conduct of its owners, officers, managers, employees, and agents.

1

**JURISDICTION AND VENUE**

4. Subject matter jurisdiction for Plaintiff's claims under the ADEA are proper under Federal Question Jurisdiction, 28 U.S.C.A. § 1331 and jurisdiction for Plaintiff's claims of violations of PHRA are also proper under Supplemental Jurisdiction, 28 U.S.C.A. § 1367.

5. Venue is proper before the United States District Court for the Eastern District of Pennsylvania as Defendant regularly conducts business in the Eastern District of Pennsylvania. Additionally, all actions and omissions giving rise to Plaintiff's claims occurred in Bucks County and thus the Eastern District of Pennsylvania.

6. Plaintiff administratively exhausted all of her claims and received a Notice of Right to Sue.  See Exhibit "A".

**FACTS AND BACKGROUND**

7. Plaintiff began working for Defendant in or around March of 2006, and early in her employment, received two promotions.

8. Plaintiff, now 53 years old, holds the position of a Domestic Relations Support Caseworker.

9. Throughout her employment with Defendant, Plaintiff has had positive performance reviews and has not had any discipline issues.

10. Since 2010, Plaintiff, along with multiple other older employees over the age of 40, have repeatedly applied and been overlooked for multiple promotions.

11. For each of these positions and promotions, Defendant assigned them to significantly younger, less experienced, and less qualified employees than Plaintiff and other older employees.

12. Specifically, since 2010, Plaintiff applied for, and received five interviews for, the

Domestic Relations Office Intern position, with three of those instances being since 2014.

13. On each occasion, Defendant hired/promoted/assigned a significantly younger and less experienced employee into that position.

14. During the interview processes, Plaintiff was told by Defendant's interviewer Frank Filopovits, and several other interviewers, that each and every level prior to the position applied for *must have been held and worked prior to being promoted* to the position in which employees and Plaintiff were applying.

15. Notably, in 2014, Defendant promoted Brittany Richards, a younger employee under the age of 40, to Office Intern position over Plaintiff, despite Ms. Richards only being a Support Specialist prior for one month, and never having held a Caseworker position.

16. Further, in 2015, Defendant placed/promoted Kimberly Levins, a younger employee under the age of 40, to the position of Domestic Relations Office Intern over Plaintiff, despite Plaintiff performing satisfactorily in her years below Domestic Relations Office Intern, and Ms. Levins failing to ever hold/work in all the preceding positions, as necessary.

17. In February of 2016, Plaintiff interviewed again for the Domestic Relations Office Intern position and had asked the same question regarding qualifications and was, *again*, assured that the successful candidate will have worked in or held all prior positions below the Domestic Relations Office Intern position.

18. On this occasion, Defendant hired Thomas Smith, another younger employee and individual who had not held any prior position with the Bucks County Courthouse.

19. Plaintiff is fully and entirely qualified to perform the position she applied to.

20. It is clear and obvious that Defendant did not hold these younger and less qualified individuals to the same standards for hiring that Plaintiff was held to, specifically due

to her age.

21. Along with not receiving these promotions, Defendant did not invite Plaintiff for a second interview on any occasion she applied.

22. In fact, in February of 2016, when Plaintiff's interview concluded, Defendant's representatives, Mr. Filopovits and Gina Grisafi, told Plaintiff that she would know who had been promoted within one week. Mr. Filopovits and Ms. Grisafi had told the other interviewers that they would know within two to three weeks who had been chosen for the position.

23. However, Plaintiff received her rejection letter within one week of her interview, which makes it clear and obvious that, due to her age, Plaintiff was never under serious consideration for the position, and that the interviewers knew prior to the interview that Plaintiff would not be promoted or invited to partake in a second interview.

24. Defendant's actions clearly rise to an inference of discrimination.

25. Plaintiff has been a high performer while employed by Defendant for the past twelve years.

26. Plaintiff has been systematically discriminated against on five separate occasions when applying for a promotion.

## COUNT I
### Age Discrimination and Failure to Promote/Hire
*Age Discrimination in Employment Act Act (ADEA) of 1975, 42 USCA §6101 et. seq.*

27. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

28. Plaintiff is a member of one or more protected classes as she is over the age of forty (40).

29. Defendant is an employer under the ADEA because it is an organization and/or agency engaged in industry affecting commerce that has twenty (20) or more employees for each

working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

30. At all times relevant, Plaintiff was qualified for the position she held and the positions she applied to for promotions.

31. Defendants exercised an adverse employment action against Plaintiff by repeatedly failing to promote and/or seriously consider Plaintiff for promotions because she was over the age of forty (40).

32. On top of not being promoted, Defendant awarded and gave the positions to significantly younger, less qualified individuals who had not, as per policy, worked in or held all positions below the Domestic Relations Office Intern position.

33. Defendants similarly failed to hire/promote other older invidiuals and employees over the age of forty (40), which establishes an unlawful pattern of age discrimination.

34. These circumstances give rise to an inference of age discrimination.

35. Plaintiff suffered monetary and emotional damages as a result of Defendant's conduct.

36. Defendant's conduct constitutes unlawful age discrimination pursuant to the ADEA.

37. Defendant's decision to not promote Plaintiff was motivated, in full or in part, by Plaintiff's age.

38. Defendant's decision to not promote Plaintiff was made in furtherance of Defendant's intent to promote/hire individuals under the age of forty (40).

39. Defendant's actions were willful, wanton, reckless, and otherwise support and warrant the imposition of punitive damages.

40. As a direct and proximate result of Defendant's discrimination, Plaintiff has been deprived economic and non-economic benefits including, but not limited to, back pay, front pay, loss of opportunity for advancement, loss of opportunity for pay raise, painful embarrassment among family, friends, and co-workers, mental anguish, alienation from society, harm to reputation, and the loss of enjoyment of the ordinary pleasures of life.

**WHEREFORE,** Plaintiff, Evangelia Singer, demands relief from Defendant in the form of compensatory damages, equitable relief, costs of litigation, attorney's fees, and all other relief deemed just and proper by the Court.

        Respectfully submitted,

        **KRAEMER, MANES & ASSOCIATES LLC**

  By:_____
Anthony Giletto, Esquire
PA ID No.: 318080
1515 Market St., Suite 1200
Philadelphia., PA 19102
(215) 475-3516 (p)
*Attorney for Plaintiff, Evangelia Singer*

Date:  10/26/2017

# Exhibit A

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

**To:** Evangelia Singer
40 Paige Trail
Perkasie, PA 18944

**From:** Philadelphia District Office
801 Market Street
Suite 1300
Philadelphia, PA 19107

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2016-02286 | Legal Unit, Legal Technician | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Spencer H. Lewis, Jr.,
District Director

8/7/17
(Date Mailed)

Enclosures(s)

cc: BUCKS COUNTY COURT OF COMMON PLEAS
Stephen G. Heckman, Esq., District Court Administrator (for Respondent)

## **VERIFICATION**

I, Evangelia Singer, hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief.

*Evangelia Singer*                                           Date: *October 24, 2017*

Evangelia Singer